JAYNE ELLETT

V.

GEORGE JOHNSON, M.D.

Record No. 850909

September 23, 1988

Present: All the Justices

*Gerald F. Ragland, Jr.* for appellant.
*Robert S. Brewbaker, Jr. (Lynne Jones Blain; Browder, Russell, Morris & Butcher, P.C.,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

In this medical malpractice case, we decide whether a stipulation made in open court by defense counsel removed the issue of proximate cause from the case, thereby making it error for the trial court to grant certain defense instructions which listed proximate cause as an issue to be decided by the jury.

On March 26, 1980, Dr. George Johnson operated on Jayne Ellett to reposition the ulnar nerve in her right hand and arm. The results of that operation were not satisfactory; the doctor suspected injury to the median nerve. On March 28, 1980, Dr. Johnson operated a second time to determine what had happened. He discovered that, as he had suspected, the median nerve had been damaged in the original operation. He made surgical repairs to the median nerve but Ellett was left with a "clawed" right hand.

Ellett sued Dr. Johnson for malpractice. During discovery, the following request for admission was propounded to Dr. Johnson:

> Defendant is requested to admit that the trauma or damage found on the median nerve of plaintiff's right arm during the surgery performed by the defendant on March 28, 1980, was proximately caused by the defendant, Dr. Johnson, or those acting under his direction and control, during the previous right arm surgery of March 26, 1980.

Dr. Johnson answered this request as follows: "Admit."

The case was tried before a jury on August 14 and 15, 1985. In the course of the trial, Ellett's counsel sought to read the foregoing request and response into evidence. The following critical exchange occurred:

> MR. RAGLAND, [PLAINTIFF'S COUNSEL]: I would like to read into the record one request for admissions, and the defendant's response thereto, if I may.

THE COURT: All right. Have you made Mr. Carter aware of what it is?

[PLAINTIFF'S COUNSEL]: This is just the proximate cause question.

THE COURT: Mr. Scott?

MR. SCOTT [DEFENDANT'S COUNSEL]: Your Honor, I think we have already admitted this, but we will admit that the injury to the nerve occurred during the surgery on March 26, 1980. We will be willing to stipulate that.

THE COURT: All right. Is that what you are trying to do, Mr. Ragland?

[PLAINTIFF'S COUNSEL]: The only thing missing from the stipulation is that the cause is related to the defendant's actions.

THE COURT: Well, I thought that was more or less implicit with what Mr. Scott just said.

[PLAINTIFF'S COUNSEL]: So long as we have that stipulation.

The trial court advised the jury of the stipulation and the trial proceeded.

When the parties offered jury instructions, those offered by the plaintiff did not contain the element of proximate cause; those offered by the defendant did. Plaintiff's counsel argued that the instructions offered by defendant were erroneous because the issue of proximate cause was no longer in the case. The trial court then made this statement: "The stipulation, as I understand it, as it was given, didn't include the magic words 'proximate cause.' I don't believe the stipulation included that language." The trial court then rejected the instructions proffered by plaintiff and granted those proffered by defendant. This was error.

█ In our opinion, the defendant conceded in open court that proximate cause was not an issue in the case. In reaching this decision, we place to one side the request for admission, which was never introduced into evidence. We focus instead upon the exchange that occurred when plaintiff's counsel sought to introduce that request for admission into evidence. Plaintiff's counsel announced that what he wanted to read into evidence concerned

"just the proximate cause question." Defense counsel's immediate response was as follows: "Your Honor, I think we have already admitted *this*. . . ." (Emphasis added.) The word "this" can only refer to the antecedent term "proximate cause." Thus, the first words uttered by defense counsel in his effort to dissuade plaintiff from reading the admission to the jury were essentially that "we have already admitted [proximate cause]."

In our view, that statement standing alone made clear that proximate cause was no longer an issue in the case; but there was more. During the exchange concerning the stipulation, plaintiff's counsel stated that he was concerned that the stipulation proposed by defense counsel did not refer to causation. He made this remark: "The only thing missing from the stipulation is that *the cause is related to defendant's actions*." (Emphasis added.) It is obvious to this Court that plaintiff's counsel was referring to proximate cause. But more importantly, it was equally obvious to the trial court which responded as follows: "Well, I thought that was more or less implicit with what Mr. Scott just said."

We hold that because defendant's counsel plainly conceded on the record that proximate cause was not in dispute, the trial court erroneously granted jury instructions which contained proximate cause as a jury issue. In light of the foregoing, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*